■ DAVID ZOLONDEK, Respondent, v ROBERT MORGAN, Appellant.—In an action to recover damages for slander and the intentional infliction of emotional distress, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated August 14, 1986, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that it failed to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the defendant's time to answer the complaint is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

We agree with the Supreme Court that the allegations in the first cause of action in the complaint are sufficient to support a claim based upon slander per se (see, Kolko v City of Rochester, 93 AD2d 977, 978; Nowark v Maguire, 22 AD2d 901, 901-902).

In addition, the allegations in the second cause of action were sufficient to sustain a claim based upon the intentional infliction of emotional distress (see, Halio v Lurie, 15 AD2d 62, 65-67; cf., Fischer v Maloney, 43 NY2d 553, 557-558). We decline to reach the issue of redundancy which was not raised before the Supreme Court and was first raised on appeal in the defendant's reply brief. We note, however, that there can only be one recovery for any damages based upon emotional distress resulting from alleged slanderous statements (cf., Rozanski v Fitch, 113 AD2d 1010). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.