■ JOHN MADTES, Respondent, v 809A 8TH AVENUE RESTAURANT, INC., Doing Business as OLYMPIC RESTAURANT, et al., Appellants and Third-Party Plaintiffs-Appellants. 640-12TH AVENUE CORPORATION, Third-Party Defendant-Respondent.— Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered January 15, 1992, which upon a jury verdict in favor of plaintiff against defendants 809A 8th Avenue Restaurant, Inc., doing business as Olympic Restaurant, and Olympic II—Niki Dina Restaurant Corp. ("Olympic") awarded plaintiff a total of $546,479.80 in damages, including interest, costs and disbursements, unanimously affirmed, with one bill of costs.

Order of the same Court and Justice entered May 14, 1991,

which denied defendants' post-trial motion to set aside the verdict, unanimously affirmed.

Order of the same Court and Justice entered January 24, 1991, which, following a traverse hearing, denied Olympic's motion to dismiss plaintiff's complaint for lack of jurisdiction, dismissed as subsumed in the judgment of January 15, 1992.

Order of the same Court and Justice entered October 23, 1990, denying defendants' motion to, *inter alia,* dismiss the complaint is dismissed as subsumed in the judgment entered January 15, 1992.

Our review of the traverse hearing minutes reveals Olympic was properly served with process *(see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). The trier of fact clearly defined the issue, resolved conflicting testimony and matters of credibility and its findings are supported by the record.

We reject Olympic's contention that there was no rational basis to exonerate the owner of the premises. Plaintiff was injured as he attempted to deliver beer to defendant Olympic's restaurant. Olympic had leased the premises from third-party defendant 640-12th Avenue Corporation eleven years earlier. Generally, absent statutory duties, a landlord's reservation of the right to enter the leased premises to make repairs or correct improper conditions does not impose liability for a subsequently arising condition *(Manning v New York Tel. Co.,* 157 AD2d 264). The jury's determination that third-party defendant landlord exercised no control over the dilapidated stairway to the basement where plaintiff's fall occurred is supported by the subject lease and evidence adduced at trial *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499-500).

The jury's award of $100,000 and $300,000 for future pain and suffering and future loss of income respectively, over a 10-year period does not deviate materially from reasonable compensation (CPLR 5501 [c]).

Finally, Olympic failed to demonstrate entitlement to a missing witness charge with respect to third-party defendant landlord as no showing was made that the witness was in a position to give substantial, not merely cumulative evidence *(see, Chandler v Flynn,* 111 AD2d 300, *appeal dismissed* 67 NY2d 647).

We have considered Olympic's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.