■ PETER BRANCALEONE, Respondent, v EMMANUEL MESA-GNA, Appellant. [736 NYS2d 685] —In an action, inter alia, to recover damages for defamation and intentional infliction of emotional distress, the defendant appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated September 28, 1999, which, upon a jury verdict awarding the plaintiff the sums of $2,500,000 as special damages for financial losses, $2,500,000 as general damages for loss of reputation, humiliation, mental distress, and physical suffering, and $500,000 as punitive damages, is in favor of the plaintiff and against him in the principal sum of $5,500,000.

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, the claim for special damages for financial losses is dismissed, and a new trial is granted on the issues of general damages for loss of reputation, humiliation, mental distress, and physical suffering and punitive damages, with costs to abide the event.

The plaintiff is the president and sole shareholder of Lapeka Construction Corporation (hereinafter Lapeka). Lapeka was hired to serve as a general contractor on a public works project in the Elmont Fire District (hereinafter the EFD). The defendant was hired under a separate contract with the EFD as the architect for the project. During the course of the project, several disputes arose between the parties. The defendant made a series of written statements to the EFD, other contractors on the project, and suppliers accusing Lapeka and the plaintiff, inter alia, of incompetence and of trying to "cheat" the EFD by using inferior materials. The plaintiff disputed the accuracy of the defendant's statements, but the EFD terminated Lapeka from the project based on the defendant's certification that grounds for termination existed. The grounds supplied by the defendant consisted in large part of his prior statements against Lapeka and the plaintiff. The plaintiff commenced this action, inter alia, to recover damages for defamation and intentional infliction of emotional distress, and sought to recover special damages for financial losses occasioned by the defendant's conduct, general damages for loss of reputation, humiliation, mental distress, and physical suffering, and punitive damages.

At trial, the plaintiff entered into evidence 25 letters written by the defendant as examples of the kind of statements the defendant made about him and Lapeka throughout the project. He also adduced evidence indicating that the statements contained in those letters were false. The plaintiff was allowed, over the defendant's objection, to introduce evidence of

corporate financial losses suffered by Lapeka in support of his claim for special damages. The defendant was precluded from introducing into evidence reports from the New York State Department of Labor (hereinafter DOL), indicating that Lapeka was debarred from bidding on public works contracts for falsifying payrolls, to demonstrate an alternate cause for the plaintiff's financial losses. The defendant was, however, permitted to cross-examine the plaintiff concerning the underlying DOL proceedings, and the plaintiff testified that the DOL debarment occurred well after he suffered his alleged financial losses.

The jury found that the defendant defamed the plaintiff and that the defendant's conduct constituted intentional infliction of emotional distress. It awarded the plaintiff the sums of $2,500,000 for special damages for financial losses, $2,500,000 for general damages for loss of reputation, humiliation, mental distress, and physical suffering, and $500,000 for punitive damages.

The defendant's contention that his statements were not actionable because they constituted pure opinion, is not preserved for appellate review since he did not raise it at trial (*see, Matter of Star Leslie W.,* 63 NY2d 136, 145). In any event, the contention is without merit since the statements would appear to be factual assertions to the average person reading or hearing them (*see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 381-382, *cert denied* 434 US 969).

However, the defendant correctly contends that the trial court erred in admitting the evidence of Lapeka's corporate financial losses. A shareholder, even in a closely-held corporation, may not recover in his or her individual capacity for the corporation's losses (*see, Abrams v Donati,* 66 NY2d 951, 953; *Wolf v Rand,* 258 AD2d 401, 403; *Elenson v Wax,* 215 AD2d 429). Therefore, the plaintiff cannot recover in this action for Lapeka's losses. Since the verdict for financial losses was based entirely on this improperly-admitted evidence, the plaintiff's claim for special damages for those losses must be dismissed. We note that, as a result, the defendant's claim that the trial court erred in precluding the DOL reports from evidence is rendered academic.

The defendant also correctly contends that the cause of action for intentional infliction of emotional distress should have been dismissed as duplicative of the cause of action for defamation (*see, Fischer v Maloney,* 43 NY2d 553, 558; *Ghaly v Mardiros,* 204 AD2d 272, 273; *Zolondek v Morgan,* 141 AD2d 632). The plaintiff may properly recover for the alleged

emotional distress caused by the defamatory statements under the cause of action for defamation (*see, Sweeney v Prisoners' Legal Servs. of N.Y.,* 146 AD2d 1, 7). Since we cannot determine what portion of the verdict for general damages was based on the improperly-submitted cause of action, a new trial on the issue of general damages, as well as the related issue of punitive damages (*see, Rupert v Sellers,* 48 AD2d 265, 269), is required.

In light of our determination, we need not reach the defendant's remaining contentions. Ritter, Acting P.J., S. Miller, Luciano and Crane, JJ., concur.