■ KARL S. KRITZ, Respondent, v ELLEN O'MEARA, Appellant. [752 NYS2d 570] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Nassau County (Austin, J.), entered June 27, 2001, which, upon an order of the same court, dated June 18, 2001, granting the motion, is in favor of the plaintiff and against her in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, and the motion is denied (*see Russo v O'Meara,* 300 AD2d 563 [decided herewith]). Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.

■ LOURDES LIRANZO et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [752 NYS2d 568] —In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated April 26, 2001, as denied that branch of their motion which was for summary judgment dismissing the fourth cause of action alleging intentional infliction of emotional distress.

Ordered that the order is reversed insofar as appealed from, with costs, the branch of the motion which was for summary judgment dismissing the fourth cause of action is granted, and that cause of action is dismissed.

Public policy bars claims for intentional infliction of emotional distress against a governmental entity (*see Lauer v City of New York,* 240 AD2d 543; *Wheeler v State of New York,* 104 AD2d 496). In any event, the acts allegedly committed by the defendants do not rise to the level of extreme and outrageous conduct required to sustain such a cause of action (*see Howell v New York Post Co.,* 81 NY2d 115; *Zimmerman v Carmack,* 292 AD2d 601; *MacLeay v Arden Hill Hosp.,* 164 AD2d 228). Accordingly, the cause of action to recover damages for intentional infliction of emotional distress is dismissed. Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.