■ EDWIN FREDERICK, Respondent, v JOSEF FRIED, Appellant, et al., Defendant. EDWIN FREDERICK et al., Respondents, v JOSEF FRIED, Appellant. [765 NYS2d 371] —In two related actions, inter alia, for an accounting and the imposition of a construc-

tive trust, which were joined for trial, Josef Fried, a defendant in both actions, appeals from (1) a judgment of the Supreme Court, Kings County (Harkavy, J.), dated March 15, 2002, which, after a nonjury trial, inter alia, is in favor of the plaintiff Edwin Frederick and against him in the principal sum of $1,327,222, and awards an attorney's fee and costs, (2) an order of the same court dated March 15, 2002, which, sua sponte, appointed a referee in connection with the partition of certain real property, and (3) an order of the same court also dated March 15, 2002, which, sua sponte, appointed a receiver, inter alia, to collect certain rents.

Ordered that on the Court's own motion, the notices of appeal from the orders dated March 15, 2002, are deemed to be applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding the plaintiff Edwin Frederick an attorney's fee and costs; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the orders dated March 15, 2002, are affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the Supreme Court properly directed an accounting and the imposition of a constructive trust on real property located on Avenue D in Manhattan. The appellant argues that since the property was owned by a corporation, the plaintiff Edwin Frederick did not have standing to bring an action requesting such relief in his individual capacity. However, Frederick also sued on behalf of the corporation (*see Abrams v Donati,* 66 NY2d 951 [1985]; *Brancaleone v Mesagna,* 290 AD2d 467 [2002]; *Post & Co. v Sidney Bitterman, Inc.,* 219 AD2d 214 [1996]). Moreover, Frederick had standing to sue in the latter capacity since the evidence adduced at trial demonstrated that, along with the appellant, Frederick was a shareholder of the corporation holding title to the property.

However, under the circumstances of this case, the award of an attorney's fee and costs to Frederick was not appropriate.

The appellant's remaining contentions are without merit. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.