■ ANN MARIE LEONARD et al., Respondents, v DAVID REINHARDT, Appellant, et al., Defendants. [799 NYS2d 118]—

In an action, inter alia, to recover damages for malicious prosecution, intentional infliction of emotional distress, assault and battery, etc., the defendant David Reinhardt appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 23, 2004, as denied those branches of his cross motion which were to dismiss the cause of action alleging intentional infliction of emotional distress insofar as asserted against him pursuant to CPLR 3211 (a) (7) and to impose a sanction upon the plaintiffs pursuant to CPLR 8303-a.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was to dismiss the cause of action alleging intentional infliction of emotional distress pursuant to CPLR 3211 (a) (7) insofar as asserted against the appellant and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To state a cause of action to recover damages for the intentional infliction of emotional distress, the conduct alleged must be so outrageous in character and extreme in degree as to surpass the limits of decency so "as to be regarded as atrocious and intolerable in a civilized society" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]; *see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Fischer v Maloney*, 43 NY2d 553, 557 [1978]). Here, the cause of action alleging intentional infliction of emotional distress should have been dismissed as duplicative of the causes of action alleging malicious prosecution and assault and battery (*see Fischer v Maloney, supra* at 558; *Brancaleone v Mesagna*, 290 AD2d 467, 468-469 [2002]; *Ghaly v Mardiros*, 204 AD2d 272, 273 [1994]). In any event, the complaint fails to allege extreme or outrageous conduct necessary to support such a claim (*see Poliah v Westchester County Country Club, Inc.*, 14 AD3d 601 [2005]; *Doe v Archbishop Stepinac High*

*School*, 286 AD2d 478, 479 [2001]; *Leibowitz v Bank of Leumi Trust Co. of N.Y.*, 152 AD2d 169, 181-182 [1989]). Accordingly, the Supreme Court improperly denied that branch of the appellant's cross motion which was to dismiss that cause of action.

The Supreme Court did, however, providently exercise its discretion in denying that branch of the appellant's cross motion which was to impose a sanction pursuant to CPLR 8303-a. Contrary to the appellant's contention, there is no basis for the imposition of a sanction against the plaintiffs. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.