■ DUSTIN MOONEY et al., Respondents, v CITY OF NEW YORK et al., Respondents-Appellants, COVENANT HOUSE et al., Appellants-Respondents, et al., Defendants. [810 NYS2d 347]—In an action, inter alia, to recover damages for personal injuries, the defendants Covenant House and Ms. Soler appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 19, 2004, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants City of New York and Agency for Child Services of the City of New York cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages based on negligence and for intentional infliction of emotional distress and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the respective motions of the defendants Covenant House and Ms. Soler, and the defendants City of New York and Agency for Child Services of the City of New York, which were for summary judgment dismissing the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against them, and substituting therefor a provision granting those branches of the respective motions of those defendants; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the cause of action to recover damages for intentional infliction of emotional distress is dismissed insofar as asserted against the defendants Covenant House, Ms. Soler, City of New York, and Agency for Child Services of the City of New York, and that cause of action is severed insofar as asserted against the remaining defendants.

In support of their respective motions, the defendants Covenant House and Ms. Soler, and the defendants City of New York and Agency for Child Services of the City of New York (hereinafter the defendants) failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause

of action to recover damages arising from negligence insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Thus, such relief was properly denied (*see Winegrad v New York Univ. Med. Ctr., supra*). However, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against them (*see Howell v New York Post Co.*, 81 NY2d 115 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, those branches of the defendants' respective motions for summary judgment should have been granted. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.