■ BRAD S. RALIN, Appellant, v CITY OF NEW YORK et al., Respondents. [844 NYS2d 83]—

In an action, inter alia, to recover damages for harassment and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered November 17, 2005, which granted the defendants' cross motion for summary judgment dismissing the complaint, and denied, as academic, his separate motions, inter alia, for a preliminary injunction.

Ordered that the order is affirmed, with costs.

On their cross motion, the defendants met their burden of demonstrating their prima facie entitlement to judgment as a matter of law dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendants established, among other things, that New York does not recognize a cause of action to recover damages for harassment (*see Santoro v Town of Smithtown*, 40 AD3d 736, 738 [2007]). The defendants also established that the cause of action to recover damages for intentional inflection of emotional distress was not properly asserted against the defendant City of New York because it is a governmental entity, and moreover, that the acts allegedly committed by the defendants do not rise to the level of extreme and outrageous conduct that is required to sustain such a cause of action (*see Liranzo v New York City Health & Hosps. Corp.*, 300 AD2d 548 [2002]).

In response, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court correctly granted the defendants' cross motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit or have been rendered academic by our determination. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.