■ ANNA PEZHMAN, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants. [851 NYS2d 14]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered May 14, 2007, which, in an action by a probationary teacher against the City and the Department of Education for defamation and other alleged torts committed by plaintiff's principal, insofar as appealed from as limited by the briefs, denied plaintiff's motion for a default judgment on her amended complaint, and denied defendants' cross motion to dismiss the amended complaint's newly added claims for tortious interference with contract, prima facie tort, retaliatory discharge and intentional infliction of emotional distress, unanimously modified, on the law, to grant defendants' cross motion, and otherwise affirmed, without costs.

Defendants showed a reasonable excuse for their brief and nonprejudicial lateness in responding to the amended complaint (CPLR 5015 [a] [1]). Plaintiff should not have been allowed to plead tortious interference with contract, where that cause of action had been previously dismissed by Supreme Court and

plaintiff did not challenge the dismissal in the prior appeal that resulted in reinstatement of her cause of action for defamation (29 AD3d 164, 167 n 1 [2006]). Plaintiff's cause of action for prima facie tort should have been dismissed as a new theory beyond the scope of her notice of claim (see White v New York City Hous. Auth., 288 AD2d 150 [2001]), which nowhere alleges a "specific and measurable loss" not compensable under the cause of action for defamation (see Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). The claim for retaliatory discharge should have been dismissed for the same reason, i.e., the notice of claim, liberally construed, attributes plaintiff's termination to her complaints to an oversight authority regarding the quality of the training she was receiving, not, as alleged in the amended complaint, to her complaints to her principal regarding a coworker's allegedly discriminatory remarks. Filing a grievance complaining of conduct other than unlawful discrimination is not a protected activity subject to a retaliation claim under the State and City Human Rights Laws (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 313 [2004]). The cause of action for intentional infliction of emotional distress should have been dismissed as not available against governmental entities such as defendants (Ralin v City of New York, 44 AD3d 838 [2007]). Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.