■ Matilda Maldonado et al., Appellants, v City of New York et al., Respondents. [875 NYS2d 549]—

In an action, inter alia, to recover damages for deprivation of civil rights under the Fourteenth Amendment to the United States Constitution and 42 USC § 1983, false imprisonment, assault, and battery, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated May 25, 2007, as denied their motion for summary judgment and granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging deprivation of civil rights, false imprisonment, assault, and battery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the causes of action to recover damages for deprivation of civil rights and false imprisonment. Under the circumstances of this case, the conduct of the defendants was supported by probable cause, as the police officers had a reasonable belief that an offense was being committed in the home at issue (*see People v Maldonado,* 86 NY2d 631, 635 [1995]; *People v Brown,* 274 AD2d 941, 942 [2000]; *People v Kelly,* 261 AD2d 133 [1999]).

Further, as the officers' entry into the home was lawful, any initial detention of the plaintiffs was privileged, and the plaintiffs did not submit any evidence that they were detained beyond the officers' initial lawful entry. Under these circumstances, the Supreme Court properly dismissed the plaintiffs' claims to recover damages for false imprisonment (*see Lee v City of New York,* 272 AD2d 586 [2000]; *see also Broughton v State of New York,* 37 NY2d 451, 456 [1975], *cert denied* 423 US 929 [1975]).

Under the circumstances of this case, the Supreme Court also properly dismissed the cause of action sounding in assault in light of the burglary that appeared to be in progress (*see Baez v City of Amsterdam,* 245 AD2d 705, 707 [1997]) and the cause of action to recover damages for battery absent the requisite element of intent (*see Cotter v Summit Sec. Servs., Inc.,* 14 AD3d 475, 476 [2005]).

The plaintiffs contend that their "cause of action [to recover damages] for intentional infliction of emotional distress against the individual defendants should not have been dismissed." However, the defendants never cross-moved to dismiss the plaintiffs' claims to recover damages for intentional infliction of emotional distress insofar as asserted against the individual defendants, and those claims were not dismissed by the Supreme Court.

The plaintiffs' remaining contentions are either without merit or rendered academic. Prudenti, P.J., Mastro, Fisher and Dillon, JJ., concur. [*See* 2007 NY Slip Op 31418(U).]