■ BRANDON ELLISON, Respondent, v CITY OF NEW ROCHELLE et al., Appellants, et al., Defendants. [879 NYS2d 200]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the defendants City of New Rochelle, New Rochelle Police Department, and Police Officer Fernandez appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 27, 2008, which denied the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal by the defendant Police Officer Fernandez from so much of the order as denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant John Doe Police Officers is dismissed, without costs or disbursements, as he is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the second, third, fifth, and seventh causes of action, and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing so much of the first and fourth causes of action as alleged unlawful seizure of the plaintiff, and substituting therefor a provision granting those branches of the motion, and (3) by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the sixth cause of action insofar as asserted against the defendants City of New Rochelle and New Rochelle Police Department, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleged, inter alia, that the defendants City of New Rochelle and New Rochelle Police Department (hereinafter the City defendants), and the defendants Police Officer Fernandez and John Doe Police Officers (hereinafter the individual officers), violated his civil rights in the course of a street encounter where he was stopped and searched. The plaintiff alleged that the search included the pulling of his undershorts away from his body, in both the front and the rear, shining a flashlight on his genitalia, and physical contact with his buttocks.

The defendants established that a police investigation and in-

formation provided by an informant provided the officers with probable cause to believe that the plaintiff had been involved in an attempt to sell a controlled substance and was leaving the apartment of the potential buyer in possession of a controlled substance at the time he was stopped and searched. The defendants established the lawfulness of the stop and seizure of the plaintiff (*see People v Vega,* 56 AD3d 578, 579 [2008]). As there was a legal justification for the seizure of the plaintiff, the defendants also established their prima facie entitlement to judgment as a matter of law dismissing the seventh cause of action, which alleged false imprisonment, and so much of the first and fourth causes of action as alleged unlawful seizure of the plaintiff (*see Maldonado v City of New York,* 60 AD3d 822 [2009]; *cf. Lynn v State of New York,* 33 AD3d 673, 674 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Neither the fact that the search did not disclose any contraband, nor the fact that the plaintiff was not arrested, altered the lawfulness of the stop or the seizure of his person for the duration of the encounter with the police.

The defendants established their prima facie entitlement to judgment as a matter of law on the issue of the search of the person of the plaintiff. However, the plaintiff raised a triable issue of fact as to whether the alleged scope of that search was unreasonable under the circumstances (*see generally People v Hall,* 10 NY3d 303 [2008]; *People v Mitchell,* 2 AD3d 145, 148 [2003]; *see also Illinois v Lafayette,* 462 US 640, 645 [1983]). Accordingly, the Supreme Court correctly denied those branches of the defendants' motion which were for summary judgment dismissing so much of the first and fourth causes of action as alleged that the plaintiff was subjected to an unreasonable search.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which alleged common-law assault and battery, through proof that the notice of claim filed by the plaintiff did not mention those claims (*see* General Municipal Law § 50-e; *Rosen & Bardunias v County of Westchester,* 158 AD2d 679 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact.

The City defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that they, as opposed to the individual officers, violated 42 USC § 1983. "For a cause of action pursuant to 42 USC § 1983 to lie against a municipality, the action that is alleged to be unconstitutional must implement[ ]or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or have oc-

curred pursuant to a practice so permanent and well settled as to constitute a "custom or usage" with the force of law" (*Pendleton v City of New York,* 44 AD3d 733, 736 [2007] [citations omitted]). "[A] municipality can be found liable under 42 USC § 1983 for deprivation of constitutional rights only where the municipality itself causes the constitutional violation at issue" (*Johnson v Kings County Dist. Attorney's Off.,* 308 AD2d 278, 293 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of any such relevant policy, regulation, or custom (*see R.A.C. Group v Board of Educ. of City of N.Y.,* 295 AD2d 489 [2002]; *Serpa v County of Nassau,* 280 AD2d 596 [2001]).

The City defendants established their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which alleged negligent training and supervision of the officers, through proof of the absence of any claim or evidence of "deliberate indifference" to the rights of the plaintiff, a necessary element of that cause of action (*Johnson v Kings County Dist. Attorney's Off.,* 308 AD2d at 293; *see Canton v Harris,* 489 US 378 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact.

The City defendants also were entitled to summary judgment dismissing the sixth cause of action, as "[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity" (*Liranzo v New York City Health & Hosps. Corp.,* 300 AD2d 548, 548 [2002]; *see Ralin v City of New York,* 44 AD3d 838, 839 [2007]; *Mooney v City of New York,* 27 AD3d 535 [2006]).

The appellants' remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.