11-4564-cv
Parkash v. Town of Southeast

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

Present:
        JON O. NEWMAN,
        ROBERT A. KATZMANN,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

VED PARKASH, AMAN ESTATES, LLC,

        *Plaintiffs-Appellants*,

                v.                                                    No.  11-4564-cv

TOWN OF SOUTHEAST, WILLIS H. STEPHENS, JR., JOSEPH A. CHARBONNEAU, RONALD HARPER, CHARLES TESSMER, WILLIAM J. FORD,

        *Defendants-Appellees.*[*]

_____

For Plaintiffs-Appellants:                          PAUL B. SWEENEY, Certilman Balin
                                                    Adler & Hyman, LLP, East Meadow,
                                                    N.Y.

_____

        [*]The Clerk of the Court is directed to amend the caption as noted.

For Defendants-Appellees
Town of Southeast, Willis H. Stephens, Jr.,
Ronald Harper, Charles Tessmer, and
William J. Ford:

STEPHEN J. GABA, Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC, New Windsor, N.Y.

For Defendant-Appellee
Joseph A. Charbonneau:

JACK BABCHICK (Bryan J. Weisburd, *on the brief*), Babchick & Young, LLP, White Plains, N.Y.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Ved Parkash and Aman Estates, LLC (collectively, "plaintiffs") appeal from a September 30, 2011 Memorandum Decision issued by the United States District Court for the Southern District of New York (Briccetti, *J.*) granting defendants' motion to dismiss all of plaintiffs' federal claims and declining to exercise supplemental jurisdiction over their state law claims. On appeal, plaintiffs contend that the district court erred in dismissing their Section 1983 claims for alleged violations of the First, Fourth, and Fourteenth Amendments. Specifically, they argue, *inter alia*, that the district court misapplied the pleading standards under the Federal Rules of Civil Procedure and improperly reached several issues of fact in the course of granting defendants' motions. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

"[W]e review the grant of a Rule 12(b)(6) motion to dismiss *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Having conducted an independent and *de novo* review in light of these principles, we affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. *See Parkash v. Town of Southeast*, No. 10 CV 8098(VB), 2011 U.S. Dist. LEXIS 128545 (S.D.N.Y. Sept. 30, 2011). In particular, we find that plaintiffs' amended complaint failed to adequately allege that defendants' prosecution of plaintiffs was illegitimate, a failure that is fatal to plaintiffs' First and Fourth Amendment claims. Additionally, the district court properly dismissed plaintiffs' Fourteenth Amendment selective enforcement claim because plaintiffs failed to identify an example of a similarly situated property owner who was treated differently from the plaintiffs. *See Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). Finally, the district court correctly concluded that defendant Joseph A. Charbonneau was entitled to absolute prosecutorial immunity. *See, e.g.*, *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) ("It is . . . well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.") (internal quotation marks and citations omitted).

Accordingly, having considered all of plaintiffs' arguments and finding them to be without merit, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK