*703 The plaintiff owns a house located in the Village of Roslyn. A rain storm, which began on or about October 7, 2005, and which continued for several days, undermined a hillside on her property and caused the collapse of the plaintiff’s retaining wall. The resulting landslide damaged the plaintiffs property, and it also damaged the Village Hall, which is located about 130 feet downhill from the plaintiffs property.
Immediately after the storm, the Village’s Code Enforcement Officer, the defendant Wade Curry, concluded that a faulty storm drain on the plaintiffs property caused the landslide, and he issued summonses against the plaintiff to appear in criminal court on misdemeanor charges. A subsequent investigation revealed that the damage was, in fact, due to a clogged and damaged manhole, located at the top of the hill, which was part of a drain line belonging to the Village. Despite this subsequent revelation, however, the Village proceeded with the criminal action against the plaintiff until the trial in or about August and September 2006, at which point the Village moved to dismiss the case.
The plaintiff commenced this action against the Village, Curry, Richard Barbieri (then the Superintendent of Buildings) (hereinafter collectively the Village defendants), and John E Gibbons, Jr. (the Village Attorney and Frosecutor), to recover damages for abuse of process and malicious prosecution under New York State law, and civil rights violations pursuant to 42 USC § 1983. The Village defendants moved for summary judgment dismiss *704 ing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the Village defendants’ motion and denied the plaintiffs cross motion.
To prevail on her abuse of process claim, the plaintiff must establish that the Village defendants “'(1) used regularly-issued process, either civil or criminal, (2) intended to do harm without excuse or justification, and (3) used the process in a perverted manner to obtain a collateral objective’ ” (Hudson Val. Mar., Inc. v Town of Cortlandt, 79 AD3d 700, 702 [2010], quoting Johnson v Kings County Dist. Attorney’s Off., 308 AD2d 278, 288-289 [2003]). The Village defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for abuse of process by demonstrating that they did not use the process to obtain a collateral objective. In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The elements of the tort of malicious prosecution under New York State law are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (see Smith-Hunter v Harvey, 95 NY2d 191, 195 [2000]; Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]; Johnson v Kings County Dist. Attorney’s Off., 308 AD2d at 286). Here, the Supreme Court erred in determining that the Village defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for malicious prosecution asserted under New York State law. It is uncontested that the plaintiff can establish the first two elements of the cause of action. Further, the Village defendants failed to establish that the plaintiff is unable to prove the remaining elements in that they failed to adduce evidence demonstrating that they had probable cause to commence and continue the criminal proceeding against the plaintiff, or that their motives were not malicious.
Under 42 USC § 1983, a party may pursue a civil claim for damages and injunctive relief against any person who acts under color of state law to deprive that party of a constitutional right (see Holland v City of Poughkeepsie, 90 AD3d 841, 846 [2011]). "[T]o sustain a § 1983 malicious prosecution claim, there must be a seizure or other perversion of proper legal procedures implicating the claimant’s personal liberty and privacy interests *705 under the Fourth Amendment” (Washington v County of Rock-land, 373 F3d 310, 316 [2004] [internal quotation marks omitted]; see Albright v Oliver, 510 US 266 [1994]). Here, the Village defendants established their prima facie entitlement to judgment as a matter of law dismissing the 42 USC § 1983 malicious prosecution cause of action by demonstrating that the criminal proceeding against the plaintiff was commenced with a prearraignment, nonfelony summons which subsequently required the plaintiff to appear in court on five occasions without imposing any additional restrictions on her liberty or travel (see Parkash v Town of Southeast, 2011 WL 5142669, *5-6, 2011 US Dist LEXIS 128545, *14-16 [SD NY], affd 468 Fed Appx 80 [2d Cir]; Burg v Gosselin, 591 F3d 95, 97-98 [2d Cir 2010]; Mangino v Incorporated Vil. of Patchogue, 739 F Supp 2d 205, 228 [ED NY 2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Village defendants’ motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution under 42 USC § 1983.
The Village defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for equal protection violations pursuant to 42 USC § 1983. Thus, it is unnecessary to consider whether the plaintiffs papers in opposition to the Village defendants’ motion were sufficient to raise a triable issue of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in granting that branch of the Village defendants’ motion which was for summary judgment dismissing the cause of action to recover damages for equal protection violations pursuant to 42 USC § 1983.
The plaintiff’s remaining contentions are without merit. Angiolillo, J.E, Belen, Chambers and Austin, JJ., concur.