*713 In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered March 9, 2011, as denied those branches of their motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action.
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants’ motion which were for summary judgment dismissing so much of the first, third, fourth, and fifth causes of action as alleged intentional and negligent infliction of emotional distress, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the first, third, fourth, and fifth causes of action in their entirety on the ground that the alleged acts of the defendants’ employees were outside the scope of their employment (see Riviello v Waldron, 47 NY2d 297, 302 [1979]; White v Alkoutayni, 18 AD3d 540, 541 [2005]; Beauchamp v City of New York, 3 AD3d 465, 466-467 [2004]; Rausman v Baugh, 248 AD2d 8, 10-11 [1998]; cf. N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]; Judith M. v Sisters of Charity Hosp., 93 NY2d 932 [1999]; Dia CC. v Ithaca City School Dist., 304 AD2d 955 [2003]; Mary KK. v Jack LL., 203 AD2d 840, 841 [1994]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
However, the defendants were entitled to summary judgment dismissing so much of the first, third, fourth, and fifth causes of action as alleged intentional and negligent infliction of emotional distress. Public policy bars claims alleging intentional infliction of emotional distress against governmental entities (see Eckardt v City of White Plains, 87 AD3d 1049 [2011]; Ellison v City of New Rochelle, 62 AD3d 830 [2009]; Lillian C. v Administration for Children’s Servs., 48 AD3d 316, 317 [2008]; Pezhman v City of New York, 47 AD3d 493, 494 [2008]; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 720 [2003]). Further, the allegations of negligent infliction of emotional distress were duplicative of the viable portions of the subject causes of action (see Fischer v Maloney, 43 NY2d 553, 558 [1978]; Leonard v Reinhardt, 20 AD3d 510 [2005]; Brancaleone v Mesagna, 290 AD2d 467, 468 [2002]; Ghaly v Mardiros, 204 AD2d 272, 273 [1994]).
*714 Accordingly, the Supreme Court should have granted those branches of the defendants’ motion which were for summary judgment dismissing so much of the first, third, fourth, and fifth causes of action as alleged intentional and negligent infliction of emotional distress. Skelos, J.E, Dickerson, Chambers and Hinds-Radix, JJ., concur.