█ CHARLES RODGERS, Appellant, v CITY OF NEW YORK et al., Respondents. [966 NYS2d 466]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated January 27, 2012, as granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, fourth, fifth, seventh, eighth, and tenth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendants, the City of New York, the New York City Police Department (hereinafter the NYCPD; hereinafter together the City defendants), and Paul C. Parsekian, an NYCPD detective, alleging 11 causes of action seeking damages for false arrest, false imprisonment, malicious prosecution, assault and battery, negligence, and various civil rights violations pursuant to 42 USC § 1983, stemming from murder charges brought against the plaintiff, of which he was acquitted. In particular, the plaintiff alleged that the investigating detective failed to properly investigate the crime and disclose exculpatory evidence to him, the prosecutor, and the grand jury that indicted him. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the grounds that there was probable cause for the plaintiff's arrest and prosecution based upon the identification of the plaintiff by two witnesses, and that the plaintiff's assertion that disclosure of the exculpatory evidence to the grand jury would have materially influenced its investigation was speculative. The plaintiff appeals, contending that there are triable issues of fact precluding summary judgment.

Probable cause to believe that a person committed a crime is a complete defense to an action alleging false arrest or false imprisonment, whether brought under state law or 42 USC § 1983 (see *Gisondi v Town of Harrison*, 72 NY2d 280, 283 [1988]; *Broughton v State of New York*, 37 NY2d 451, 457 [1975]; *Fortunato v City of New York*, 63 AD3d 880, 880 [2009]; *Carlton v Nassau County Police Dept.*, 306 AD2d 365, 366 [2003]). Here, the defendants established the absence of a triable issue of fact as to whether the police had probable cause to arrest and detain the plaintiff, in that he had been identified as the perpetrator by two witnesses (see *Iorio v City of New York*, 19 AD3d 452 [2005]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which alleged false arrest and false imprisonment. The Supreme Court also properly granted those branches of the defendants' motion which were to dismiss the third cause of action, which alleged assault, and the fourth cause of action, which alleged battery. Although assault and battery causes of action may be based on contact during an unlawful arrest (see *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 718 [2003]; *Johnson v Suffolk County Police Dept.*, 245 AD2d 340, 341 [1997]), here the defendants established that the plaintiff's arrest was lawful because it was supported

by probable cause, and the assault and battery causes of action are not based on allegations of excessive force (*see Marrero v City of New York*, 33 AD3d 556, 557 [2006]; *Grant v Barnes & Noble*, 284 AD2d 238, 239 [2001]; *Akande v City of New York*, 275 AD2d 671, 672 [2000]).

With regard to the second cause of action, which alleged malicious prosecution, the defendants demonstrated their prima facie entitlement judgment as a matter of law by showing that the plaintiff was indicted by a grand jury for the subject incident, thus creating a presumption of probable cause (*see O'Donnell v County of Nassau*, 7 AD3d 590, 592 [2004]). In opposition, the plaintiff failed to raise triable issues of fact as to this presumption and as to whether the prosecution was motivated by actual malice (*see Nardelli v Stamberg*, 44 NY2d 500 [1978]; *Washington-Herrera v Town of Greenburgh*, 101 AD3d 986 [2012]; *Hernandez v City of New York*, 100 AD3d 433, 434 [2012]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the fifth cause of action, which alleged intentional and negligent infliction of emotional distress, since the evidence submitted by the defendants demonstrated that the occurrences surrounding the plaintiff's arrest, detention, and prosecution did not rise to the level of extreme or outrageous conduct necessary to sustain such causes of action (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 720 [2003]; *Liranzo v New York City Health & Hosps. Corp.*, 300 AD2d 548, 548 [2002]; *Burrell v International Assn. of Firefighters*, 216 AD2d 346 [1995]; *Murphy v County of Nassau*, 203 AD2d 339, 341 [1994]). Moreover, those causes of action were duplicative of the causes of action alleging false arrest and false imprisonment, malicious prosecution, and assault and battery (*see Fischer v Maloney*, 43 NY2d 553, 558 [1978]; *Leonard v Reinhardt*, 20 AD3d 510 [2005]). Furthermore, " '[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity' " (*Ellison v City of New Rochelle*, 62 AD3d 830, 833 [2009], quoting *Liranzo v New York City Health & Hosps. Corp.*, 300 AD2d at 548; *see Eckardt v City of White Plains*, 87 AD3d 1049, 1051 [2011]; *Wyllie v District Attorney of County of Kings*, 2 AD3d at 720). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action (*see Leonard v Reinhardt*, 20 AD3d 510 [2005]).

The seventh cause of action alleged civil rights violations under 42 USC § 1983, based upon the unreasonable search and seizure of the plaintiff's person, under color of state law, by Parsekian and other unidentified police officers in violation of the plaintiff's Fourth Amendment rights, and the deprivation of liberty in the absence of due process, under color of state law, in violation of his Fourteenth Amendment rights. The statute provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured" (42 USC § 1983; *see Eckardt v City of White Plains*, 87 AD3d at 1051-1052; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010]). Under 42 USC § 1983, a party may pursue a civil claim for damages and injunctive relief against any person who acts under color of state law to deprive that party of a constitutional right (*see Wilner v Village of Roslyn*, 99 AD3d 702 [2012]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 846 [2011]). Here, because the plaintiff's arrest and prosecution were supported by probable cause, there has been no unreasonable seizure of the plaintiff's person in violation of the Fourth Amendment and, thus, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss so much of the seventh cause of action as asserted civil rights violations under 42 USC § 1983 against Parsekian and other police officers (*see Washington-Herrera v Town of Greenburgh*, 101 AD3d 986 [2012]; *Wilner v Village of Roslyn*, 99 AD3d 702 [2012]). Furthermore, "[a] municipality is not liable under 42 USC § 1983 for an injury inflicted solely by its employees or agents" (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 703; *see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]), or "solely upon the doctrine of respondeat superior or vicarious liability" (*Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]; *see Connick v Thompson*, 563 US —, —, 131 S Ct 1350, 1360 [2011]; *Holland v City of Poughkeepsie*, 90 AD3d at 847; *Eckardt v City of White Plains*, 87 AD3d at 1052). Thus, to the extent that the seventh cause of action sought to impose vicarious liability on the City defendants for the actions of Parsekian and other police officers pursuant to 42 USC § 1983, the City defendants were entitled to summary judgment dismissing that portion of the cause of action.

The eighth cause of action alleged civil rights violations under 42 USC § 1983 based upon the City defendants' failure to properly hire, train, supervise, and discipline its police officers. "A 42 USC § 1983 action may lie against a municipality if the

plaintiff shows that the action that is alleged to be unconstitutional either implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law" (*Maio v Kralik*, 70 AD3d 1, 10-11 [2009] [internal quotation marks and citations omitted]; *see Bassett v City of Rye*, 69 AD3d 667, 668 [2010]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 293 [2003]). A municipality may be held liable under 42 USC § 1983 for its failure to train or adequately supervise its employees "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" (*Canton v Harris*, 489 US 378, 388 [1989]; *see Connick v Thompson*, 563 US at —, 131 S Ct at 1360). Here, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the eighth cause of action by demonstrating that the plaintiff's arrest and the criminal charges brought against him, which the plaintiff alleged violated his rights under 42 USC § 1983, did not result from the implementation of a policy, regulation, or custom of the City defendants (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700 [2010]; *Ellison v City of New Rochelle*, 62 AD3d 830 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of any such relevant policy, regulation, or custom (*see Ellison v City of New Rochelle*, 62 AD3d at 833; *Serpa v County of Nassau*, 280 AD2d 596 [2001]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the tenth cause of action, which alleged a violation of the plaintiff's Fourteenth Amendment rights to due process of law and a fair trial based upon alleged violations of *Brady v Maryland* (373 US 83 [1963]), by showing that the plaintiff was acquitted after trial (*see Ambrose v City of New York*, 623 F Supp 2d 454, 471 [SD NY 2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the tenth cause of action. Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.