■ ANDREA J. SANGERMANO, Appellant, v COUNTY OF NASSAU et al., Respondents. [981 NYS2d 612]—

In an action, inter alia, to recover damages for false arrest, false imprisonment, malicious prosecution, and defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered June 29, 2012, which granted the motion of the defendant County of Nassau for summary judgment dismissing the complaint insofar as asserted against it, and, in effect, granted that branch of the cross motion of the defendants Incorporated Village of Hempstead, Hempstead Police Department, P.O. "John" Vargas, Shield No. 190, and P.O. "John" Rogers, Shield No. 181, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The Supreme Court correctly awarded summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and malicious prosecution, since the defendants established their prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact as to whether she was arrested without probable cause (*see Rodgers v City of New York*, 106 AD3d 1068, 1069 [2013]; *Fortunato v City of New York*, 63 AD3d 880, 880 [2009]; *Whyte v City of Yonkers*, 36 AD3d 799 [2007]). The Supreme Court properly awarded summary judgment dismissing the second cause of action, which, inter alia, alleged negligence in the effectuation of the plaintiff's arrest, because the defendants established, prima facie, that, pursuant to the professional judgment rule, they are immune from liability arising from claims of judgmental errors (*see Johnson v City of New York*, 15 NY3d 676, 680-681 [2010]; *cf. Newsome v County of Suffolk*, 109 AD3d

802 [2013]), and the plaintiff failed to raise a triable issue of fact in opposition to that showing (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, since the County of Nassau established, prima facie, that any information that it published about the plaintiff was substantially true, and the plaintiff failed to raise a triable issue of fact in opposition to that showing, the Supreme Court correctly awarded summary dismissing the third cause of action, which alleged defamation by the County. Further, public policy bars claims of intentional infliction of emotional distress against a governmental entity (*see Rodgers v City of New York*, 106 AD3d 1068, 1070 [2013]; *Afifi v City of New York*, 104 AD3d 712, 713 [2013]). Since the County established, prima facie, that it was a governmental entity, and the plaintiff failed to raise a triable issue of fact in opposition to that showing, the Supreme Court properly granted that branch of the County's motion which was for summary judgment dismissing the fourth cause of action, which alleged that the County intentionally inflicted emotional distress upon the plaintiff. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.