■ MARLENE GONZALEZ, Respondent, v EVG, INC. et al., Appellants. [999 NYS2d 16]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.),

entered on or about April 10, 2014, which denied defendants' motion for summary judgment dismissing plaintiff's claims under the New York State Human Rights Law (State HRL) (Executive Law § 296) and the New York City Human Rights Law (City HRL) (Administrative Code of City of NY § 8-107) for discrimination, retaliatory termination, and hostile environment, unanimously modified, on the law, to the extent of dismissing the discrimination and retaliation claims under the State and City HRLs, and the hostile environment claim under the State HRLs, and otherwise affirmed, without costs.

Plaintiff's retaliation claims under the State and City HRLs must be dismissed because she never complained to defendants that she was discriminated against because of her sex (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *Pezhman v City of New York*, 47 AD3d 493, 494 [1st Dept 2008]). Her email to defendants' corporate superior consisted of complaints about generalized harassment and was too ambiguous to constitute protected activity (*see Turner v NYU Hosps. Ctr.*, 784 F Supp 2d 266, 284 [SD NY 2011]; *International Healthcare Exch., Inc. v Global Healthcare Exch., LLC*, 470 F Supp 2d 345, 357 [SD NY 2007]).

The discriminatory termination claims under the State and City HRLs also must be dismissed. Defendants articulated legitimate nondiscriminatory reasons for terminating plaintiff (*see Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 112-114 [1st Dept 2012]). In particular, they pointed to her chronic lateness, her difficulty working with others, and her questionable use of company accounts. Although the evidence showed that plaintiff received positive annual performance reviews and annual raises and bonuses, plaintiff failed to raise a triable issue of fact that the legitimate reasons proffered by defendants were merely a pretext for discrimination (*Melman*, 98 AD3d at 113-114, 120). Indeed, even under the mixed-motive analysis applicable to the City HRL claim, there was insufficient evidence to support a finding that sex was a motivating factor, even in part, for the decision to terminate plaintiff (*see Melman*, 98 AD3d at 122-128; *Forrest*, 3 NY3d at 308).

Although the complained-of behavior does not rise to the level of "severe and pervasive" for purposes of a hostile environment claim under the State HRL, plaintiff's claim under the City HRL is viable (*see Hernandez v Kaisman*, 103 AD3d 106, 114-115 [1st Dept 2012]). Indeed, "[c]onsidering the totality of the circumstances, this is not a truly insubstantial case" (*id.* at 115 [internal quotation marks omitted]). Defendants' alleged constant use of language degrading women, telling of sexually

explicit jokes, and overt viewing of pornography in the workplace can be characterized as having subjected plaintiff to "differential treatment" (*id.*). Accordingly, "the broad remedial purposes of the City HRL would be countermanded by dismissal of the claim" (*id.*). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.