■ DENISE RIVERA, Respondent, v UNITED PARCEL SERVICE, INC., Appellant. [49 NYS3d 690]—

Judgment, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about January 12, 2016, awarding plaintiff the total amount of $1,555,104.46, upon her stipulation to the reduced back and front pay awards, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 29, 2015, which granted defendant's motion to set aside or reduce the jury verdict, only to the extent of ordering a new trial on damages for future pain and suffering unless plaintiff stipulated to a reduced award for back and front pay, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff was a supervisor employed by defendant. The evidence adduced at trial showed that one of plaintiff's fellow supervisors ruthlessly harassed her, both on the job and outside of work hours. The supervisor repeatedly made gross and highly offensive sexually-charged remarks to plaintiff, including in front of plaintiff's subordinates, causing them to lose respect for plaintiff and fueling rumors about her proclivity to engage in workplace affairs. The supervisor called her and followed her around after work, forcing her to give him rides and otherwise communicate with him, on pain of threats of losing her job.

The evidence further showed that plaintiff was the subject of widespread and unfounded workplace rumors that she was

having affairs with multiple coworkers, and that, in this lax environment, her subordinates made crude and offensive remarks to each other and in plaintiff's presence.

The foregoing evidence supports the jury's finding that defendant engaged in gender discrimination in violation of the New York City Human Rights Law (City HRL) (*see Gonzalez v EVG, Inc.*, 123 AD3d 486, 487 [1st Dept 2014]; *see also Walsh v Covenant House*, 244 AD2d 214, 215 [1st Dept 1997]).

The evidence also showed that plaintiff complained about the supervisor's conduct and the rumors to several more senior supervisors in March 2006, as well as in December 2006 to a Human Resources (HR) manager, who responded with a formal (albeit ineffectual) investigation. Defendant responded to the March 2006 complaints by transferring plaintiff to a facility known as the Remote, which was an undesirable assignment. Defendant responded to the December 2006 complaint to HR by repeatedly transferring plaintiff, ending in her March 2007 transfer to a facility near the World Trade Center, run by a supervisor who was the mentor of the supervisor who had harassed plaintiff, and who was openly hostile to plaintiff, which led to a series of write-ups and plaintiff's termination. The foregoing evidence amply established plaintiff's prima facie cause of action for retaliation (*see Cadet-Legros v New York Univ. Hosp. Ctr.*, 135 AD3d 196, 206 [1st Dept 2015]).

To the extent any objection was preserved, the trial court providently exercised its discretion in the challenged evidentiary rulings, including the exclusion of evidence of plaintiff's posttermination romantic relationship with one of her former subordinates (*see Wolak v Spucci*, 217 F3d 157, 160-161 [2d Cir 2000]).

The compensatory damages award of $300,000 and the stipulated economic damages awards of $307,750 in back pay and $300,000 in front pay did not materially deviate from what would constitute reasonable compensation for like claims (*see e.g. Belton v Lal Chicken, Inc.*, 138 AD3d 609, 611 [1st Dept 2016] [$300,000 for emotional distress]; *Williams v City of New York*, 105 AD3d 667, 667-668 [1st Dept 2013] [$225,000 for future lost earnings]; *Madtes v 809A 8th Ave. Rest.*, 184 AD2d 326 [1st Dept 1992] [$300,000 for future loss of income], *lv denied* 81 NY2d 702 [1992]).

The punitive damages award of $300,000 was not grossly excessive, particularly given defendant's substantial income, and when compared with punitive damages awards for similar claims under the City HRL (*see Salemi v Gloria's Tribeca Inc.*, 115 AD3d 569, 569, 570 [1st Dept 2014] [$1.2 million]; *Mc-*

*Intyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, 269, 271 [1st Dept 1998] [$1.5 million], *appeal dismissed* 93 NY2d 919 [1999], *lv denied* 94 NY2d 753 [1999]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.