■ In the Matter of PETER VOLLMER, on Behalf of ANN HOPE, Respondent, v MICHAEL DOWLING, as Social Services Commis-

sioner of the State of New York, Appellant. [643 NYS2d 71] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about March 1, 1995, which granted petitioner's motion for attorney's fees pursuant to 42 USC § 1988, unanimously affirmed, without costs.

On facts in all significant respects identical to those in *Matter of Thomasel v Perales* (78 NY2d 561, 567), respondent does not dispute that petitioner was a prevailing party on her 42 USC § 1983 claim for restoration of her full Aid to Families with Dependent Children and Food Stamps benefits pending an administrative fair hearing. However, respondent urges a point assertedly not addressed in *Thomasel*, that an award of attorney's fees under 42 USC § 1988 against a State agency, such as respondent, must be based on a showing that the claimant's injury was the result of an official State policy or practice. We agree with respondent that such a showing is necessary (*Hafer v Melo*, 502 US 21, 25-26, explaining *Kentucky v Graham*, 473 US 159; *see also, Lovelace v Gross*, 80 NY2d 419, 425-426, n 3), but disagree that no such showing was made here. It appears that when a local social services agency fails to comply with a directive of respondent to restore benefits pending a fair hearing, it is the policy and practice of respondent merely to issue another directive, a "re-direct", which does not appear to be an effective enforcement mechanism. As in *Thomasel*, where the claimant's full benefits were not restored, "despite several subsequent additional directives from the State DSS", until after a lawsuit had been commenced and settled (78 NY2d, *supra*, at 566), here respondent issued four re-directs to the City agency, ordering it to restore petitioner's full benefits level pending her fair hearing, yet the latter did not comply until the parties appeared in court and settled this CPLR article 78 proceeding. If the officials responsible for this practice did not have " 'final policymaking authority' " (*St. Louis v Praprotnik*, 485 US 112, 123; *Town of Orangetown v Magee*, 88 NY2d 41), then surely respondent Commissioner "could realistically be deemed to have adopted [it]" (*supra*, at 130), given that the same practice found to be infirm in *Thomasel* was utilized here. Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.