■ Rosen & Bardunias et al., Respondents-Appellants, et al., Plaintiffs, v County of Westchester, Defendant, Carl A. Vergari, Respondent, and Jon N. Willcox, Appellant-Respondent. [644 NYS2d 320]

This action arises out of the alleged improper execution of a search warrant by the defendant Jon N. Willcox. Contrary to the plaintiffs contentions, the Supreme Court properly dismissed the complaint against the defendant Carl A. Vergari, who was sued only in his official capacity as the former Westchester County District Attorney and properly dismissed those causes of action asserted against Willcox based on acts committed in his official capacity. In an order entered April 28, 1988, the Supreme Court dismissed those causes of action to recover damages for violation of civil rights which were asserted against the defendant Westchester County because the plaintiffs failed to allege an affirmative wrongdoing on its part. This determination was not disturbed on appeal (see, Rosen & Bardunias v County of Westchester, 158 AD2d 679). Municipalities may be held liable under 42 USC § 1983 only where the injury resulted from the "government's policy or custom, whether made by its lawmakers or by those whose edicts or

acts may fairly be said to represent official policy" *(Monell v New York City Dept. of Social Servs.,* 436 US 658, 694). An action against a government official in his official capacity is functionally equivalent to an action against the municipality *(see, Kentucky v Graham,* 473 US 159, 166; *Monell v New York City Dept. of Social Servs., supra; Brandon v Holt,* 469 US 464, 472-473). Thus, the plaintiffs were required to plead and prove that Vergari and Willcox were acting pursuant to a Westchester County policy in order to maintain those causes of action based on acts committed in their official capacity *(see, Jackson v Police Dept.,* 192 AD2d 641, 642). However, the plaintiffs' complaint fails to allege such acts and the plaintiffs failed to offer proof of any such acts. Miller, J. P., Hart, Krausman and McGinity, JJ., concur.