■ In the Matter of PATRICIA MILLER, Petitioner, v BARBARA A. DeBuono, as Commissioner of Health of the State of New York, et al., Respondents. [652 NYS2d 313] —Hybrid proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Health of the State of New York, dated December 2, 1994, which reversed a decision of an Administrative Law Judge made after a hearing, sustained a charge of patient abuse against the petitioner, and, inter alia, imposed a penalty pursuant to 10 NYCRR 415.4 (b) (1) (ii) (b) and an action, inter alia, for a judgment declaring that Public Health Regulation 415.4 (b) (1) (ii) (b) (10 NYCRR 415.4 [b] [1] [ii] [b]) is unconstitutional as applied to the petitioner.

Adjudged that the petition is granted to the extent that the penalty imposed pursuant to 10 NYCRR 415.4 (b) (1) (ii) (b) is annulled, on the law, without costs or disbursements, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits; and it is further,

Adjudged that the respondents improperly retroactively applied the provisions of 10 NYCRR 415.4 (b) (1) (ii) (b) and 42 CFR 483.13 (c) (1) (ii) (B) to the petitioner.

At issue here, among other things, is the propriety of the respondents applying to the petitioner, a nurse aide in a nursing home facility, a regulation which required that a sustained finding of patient abuse be listed in the New York State Nurse Aide Registry (hereinafter the Registry) and which prohibited continued or future facility employment of an individual so listed (see, 10 NYCRR 415.4 [b] [1] [ii] [b]), even though such regulation was promulgated well after the alleged incident of abuse had occurred.

The determination that the petitioner is guilty of patient

abuse is supported by substantial evidence. However, neither the State regulation at issue, nor the Federal regulation upon which it is based (42 CFR 483.13 [c] [1] [ii] [B]), evidence an intention that they be retroactively applied, let alone contain language to that effect. We conclude that it was error for the respondents to accord the regulations a retroactive effect and to apply them to the petitioner (see, Bowen v Georgetown Univ. Hosp., 488 US 204, 208). We conclude, therefore, that so much of the penalty imposed as prohibited the petitioner from continued or future employment as a nurse aide pursuant to the statute must be annulled. We note that under the law in effect at the time of the alleged abuse the fact that the petitioner was found guilty of patient abuse could be placed on the Registry as it existed at *that* time (see, Public Health Law § 2803-j [3] [d]).

While the petitioner's claims concerning the retroactivity of 10 NYCRR 415.4 (b) (1) (ii) (b) were raised by her causes of action seeking declaratory relief and should have been disposed of by the Supreme Court prior to transferring the proceeding to this Court, we have made the appropriate declaration in the interest of judicial economy.

The petitioner is not entitled to costs and attorneys' fees pursuant to 42 USC § 1988, since under the circumstances of this case, she is not a prevailing party (see, Matter of Thomasel v Perales, 78 NY2d 561, 566; Matter of Vollmer v Dowling, 227 AD2d 349).

Having determined that, to the extent indicated above, the petition must be granted and the penalty annulled, owing to the improper retroactive application of the statute, we need not reach the petitioner's claims that application of the statute violated her rights to due process and equal protection of the law. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.