■ In the Matter of HENROIT AUGUSTE, Respondent, v BRIAN J. WING, as Acting New York State Commissioner of Social Services, et al., Appellants. [664 NYS2d 601] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered on or about July 1, 1996, which, in a proceeding pursuant to CPLR article 78, directed respondents to restore petitioner's public assistance benefits at their pretermination level for the period August 1986 to April 22, 1992 less any cash benefits received during that period, and awarded petitioner attorneys' fees, unanimously modified, on the law and the facts, to the extent of denying petitioner attorneys' fees, and otherwise affirmed, without costs.

Respondent State agency's decision is arbitrary and capricious insofar as it required petitioner to once again prove the extent of his need for the period of time that benefits were concededly wrongfully withheld, instead of simply requiring the City agency to pay those benefits at their pretermination level (see, Matter of Smith v Lavine, 45 AD2d 712). It would also be arbitrary and capricious to deny petitioner retroactive payment of benefits for any period of time he resided in a homeless shelter prior to the promulgation of the regulation providing for benefits to shelter residents, since the wrongful termination of petitioner's benefits contributed to his destitution and consequent need to reside in shelters. However, petitioner is not entitled to attorneys' fees under 42 USC § 1988. Although he prevailed on his 42 USC § 1983 claim for public assistance benefits wrongfully terminated by the City Agency without notice, respondent State agency's decision was not based on an official policy or practice (cf., Matter of Vollmer v Dowling, 227 AD2d 349). We have considered respondents' other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.