■ In the Matter of VILLAGE OF PELHAM et al., Appellants, v CITY OF MOUNT VERNON et al., Respondents. [755 NYS2d 88] —In a proceeding pursuant to CPLR article 78 to review a zoning resolution of the respondent City Council of the City of Mount Vernon, adopted January 26, 2000, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Leavitt, J.), dated May 21, 2001, which (1) determined that Pelham Council of Governing Boards lacked standing to assert any of the claims alleged, and that Pelham Union Free School District lacked standing to assert any of the claims alleged concerning violations of Westchester County Administrative Code § 277.71, and (2) dismissed as time-barred all allegations concerning violations of Westchester County Administrative Code § 277.71.

Ordered that the appeal from so much of the order and judgment as held that Pelham Council of Governing Boards lacked standing to assert any of the claims alleged, and that Pelham Union Free School District lacked standing to assert any of the claims alleged concerning violations of Westchester County Administrative Code § 277.71, is dismissed as academic; and that it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

This proceeding is one of several before this Court challenging the rezoning of a 14.55-acre site in the City of Mount Vernon that is to be developed as a large, multi-tenant retail shopping center, commonly referred to as the Sandford Boulevard Redevelopment Project. The petitioners, inter alia, argue that the Supreme Court erred in dismissing as time-barred allegations that in enacting the zoning change, the respondents City Council of the City of Mount Vernon and the City of Mount Vernon violated Westchester County Administrative Code (hereinafter Westchester Code) § 277.71. We affirm.

In relevant part, Westchester Code § 277.71 provides as follows: "Each city, village or town in the county shall give notice of any hearing scheduled in said municipality in connection with (1) the proposed adoption or amendment of a zoning ordinance or the issuance of a proposed special permit or use permit changing the use classification of property located

within five hundred (500) feet of any abutting municipality in the county [to such abutting municipality] * * * If such abutting municipality disapproves the proposal on which the hearing is held, or recommends changes or modifications thereof, the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by the adoption of a resolution of the municipal agency, which action shall be subject to judicial review pursuant to the law providing for review of acts of such municipal agencies, commenced within thirty (30) days of its adoption."

The petitioners allege that the respondents violated the code by "prevent[ing] the[m] from conducting and participating in the coordinated regional review of the Project" and by "failing to adopt a resolution addressing the filed objections, proposed changes and recommendations" of the petitioners concerning the project. They seek judicial review of the zoning determination in addition to that already obtained and otherwise before this Court on appeal (see Matter of Pelham Council of Governing Bds. v City of Mount Vernon, 302 AD2d 392 [decided herewith]). However, the allegations concerning violations of Westchester Code § 277.71 were properly held to be time-barred.

It is undisputed that this proceeding was not commenced within 30 days of the challenged determination, as required by Westchester Code § 277.71. Rather, the petitioners argue that the allegations were nonetheless timely pursuant to CPLR 205 (a) because they were interposed less than six months after the dismissal of a prior, timely proceeding also alleging violations of Westchester Code § 277.71 (see Matter of Pelham Council of Governing Bds. v City of Mount Vernon, 302 AD2d 392 [decided herewith]). They further argue that the prior proceeding was not terminated due to a voluntary discontinuance, a failure to obtain personal jurisdiction over the respondents, a neglect to prosecute, or a final judgment upon the merits (see Carrick v Central Gen. Hosp., 51 NY2d 242; Lorisa Capital Corp. v Gallo, 119 AD2d 99; Mingone v State of New York, 100 AD2d 897). However, in determining the applicability of CPLR 205 (a), a distinction has been drawn between time limitations that are in the nature of conditions precedent to suit, and those that are in the nature of statutes of limitation, only the latter of which benefit from CPLR 205 (a) (see Tanges v Heidelberg N. Am., 93 NY2d 48; Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 378; Wing Wong v King Sun Yee, 262 AD2d 254). "The general rule, which has rather wide acceptance, may be simply stated: If a statute creates a

cause of action and attaches a time limit to its commencement, the time limit is an ingredient of the cause. If the cause was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense" (*Romano v Romano,* 19 NY2d 444, 447; *see also, Tanges v Heidelberg N. Am., supra; Morton v Maryland Cas. Co.,* 4 NY2d 488).

The petitioners argue that Westchester Code § 277.71 is a mere codification of their existing right to challenge a zoning enactment pursuant to CPLR article 78. Thus, they contend, the 30-day limitation of time in Westchester Code § 277.71 is a mere statute of limitation. However, Westchester Code § 277.71 does more than merely codify common-law or statutory rights that might be litigated pursuant to CPLR article 78 or a declaratory judgment action (*see Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Matter of Voelckers v Guelli,* 57 NY2d 602; *Matter of Rodriques v McCluskey,* 156 AD2d 369). Westchester Code § 277.71 not only mandates notice and an opportunity to be heard and participate in the zoning process, it also prohibits a municipality from acting contrary to an abutting municipality's disapproval of a proposal, or disregarding an abutting municipality's recommended changes or modifications to the same, without adoption of a resolution to that effect. Further, the code section permits an abutting municipality to obtain judicial review of a determination without a showing of injury (*see Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178). This notice and opportunity to participate in the zoning process, with mandated cooperation between abutting municipalities and judicial review without demonstration of injury, is not a mere codification of existing common-law or statutory rights. Thus, the 30-day time limit of Westchester Code § 277.71 is properly construed to be in the nature of a condition precedent to suit, not a statute of limitation. Accordingly, CPLR 205 (a) is not applicable, and the allegations that the code section was violated were properly dismissed as time-barred.

In light of the dismissal of the alleged violations of Westchester Code § 277.71, and the judicial review otherwise obtained and before this Court on appeal (*see Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency,* 302 AD2d 393 [decided herewith]), the petitioners' arguments concerning standing are academic. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.