09-5276-pr
Bennett v. New York City

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
                 DEBRA ANN LIVINGSTON,
                              <u>Circuit Judge</u>,
                 JED S. RAKOFF,[*]
                              <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

ANTHONY BENNETT,

     *Plaintiff-Appellant*,

     -v.-                                    09-5276-pr

CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS, JOHN DOE #1,

     *Defendants-Appellees.*[**]

- - - - - - - - - - - - - - - - - - - - -X

---

[*]The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is respectfully instructed to amend the official case caption as shown above.

**FOR APPELLANT:**     Jonathan H. Romberg (Kathleen Gallagher, Kimia Mousavi, *on brief*)
Seton Hall University School of Law
Center for Social Justice
Newark, NJ

**FOR APPELLEES:**     Sharyn Michele Rootenberg (Morgan D. Kuntz, Chaim E. Bryski, *on brief*), for Michael A. Cardozo,
Corporation Counsel, City of New York
New York, NY

Appeal from a judgment by the United States District Court for the Southern District of New York (Gardephe, J.) dismissing Appellant's complaint with prejudice.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **VACATED** in part; its order granting defendants' motion to dismiss is **REVERSED** as to John Doe #1, **AFFIRMED** as to the City of New York, and **AFFIRMED** as to the New York City Department of Corrections; its denial of leave to amend the complaint is **AFFIRMED**; and the case is **REMANDED** to the district court for proceedings consistent with this order.

Anthony Bennett appeals from a judgment by the district court dismissing with prejudice his § 1983 claims against all three defendants. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a district court's dismissal of a complaint for failure to state a claim, "assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true." <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). A "document filed <u>pro se</u> is to be liberally construed and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Such liberal construction is especially appropriate where, as here, the plaintiff is an

2

inmate using a boilerplate "fill in the blanks" complaint provided by the court.

To state a viable claim against an individual under 42 U.S.C. § 1983, the plaintiff must plausibly allege that the defendant, while acting under the color of law, "deprived the plaintiff of a right guaranteed by the constitution or laws of the United States." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). It is uncontested that the prison guard, John Doe #1, was acting under the color of law when he strip searched Bennett. The district court concluded that Bennett's complaint failed to raise a reasonable inference that John Doe #1 violated Bennett's constitutional rights. We disagree.

The district court concluded that Bennett's complaint failed to state a claim against John Doe #1 for three reasons: (1) It did not specify which of Bennett's constitutional rights were violated; (2) It did not allege that John Doe #1 lacked reasonable suspicion to strip search Bennett; and (3) It did not allege that John Doe #1 intentionally violated the Fourth Amendment. None of these reasons is persuasive. The complaint's allegation that Doe Guard #1 violated the McBean Settlement--the result of litigation over New York City's unconstitutional policy of strip searching misdemeanants without reasonable suspicion-- creates the reasonable inference that Bennett is claiming a violation of his Fourth Amendment rights and that he is alleging the search lacked reasonable suspicion. Shain v. Ellison, 273 F.3d 56, 63 (2d Cir. 2001) (holding that strip search of misdemeanants upon intake to correctional facilities without reasonable suspicion violates the Fourth Amendment). Similarly, while Bennett does not specifically allege that John Doe #1 acted intentionally, such allegation is reasonably implied by the complaint's other allegations; Bennett's failure to specifically allege John Doe #1's mental state is insufficient to render deficient a pro se complaint set-out on a government-furnished form that does not ask about mental state. We therefore conclude that Bennett's complaint states a viable § 1983 claim against John Doe #1, and we reverse the district court's dismissal of Bennett's complaint as to John Doe #1.

To state a viable claim of municipal liability under 42 U.S.C. § 1983, a plaintiff must plausibly allege that the violation of his constitutional rights was caused by an official policy or custom of the municipality. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). An

3

official policy may be a formal written policy or "deliberate indifference" in the face of "a pattern of misconduct." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007). The district court concluded that Bennett's complaint failed to plausibly allege any such policy, custom, or deliberate indifference. We agree. Bennett's complaint, even construed liberally, never alleges any facts from which a court could reasonably infer that New York City had any pattern, policy, or custom of violating misdemeanants' Fourth Amendment rights. Nor does the complaint contain facts from which a court could reasonably infer deliberate indifference by New York City: Other than the inclusion of "New York City" in the caption, Bennett's complaint does not mention New York at all. We therefore affirm the district court's dismissal of Bennett's complaint as to New York City.

On appeal, Bennett concedes that the district court correctly dismissed his complaint as to the New York City Department of Corrections ("DOC"). We therefore affirm this dismissal.

The district court dismissed Bennett's claims against all the defendants on Rule 12(b)(6) grounds, without considering the impact, if any, of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e. Because the district court did not reach the PLRA issue, we likewise decline to reach it.

Finally, we review for abuse of discretion a district court's decision whether to grant leave to amend a deficient complaint, and it is within a district court's discretion to deny leave to amend implicitly by not addressing the issue and simply dismissing the complaint with prejudice. In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 220 (2d Cir. 2006). "[W]here amendment would be futile, denial of leave to amend is proper." Id. Given that Bennett already received one opportunity to amend his complaint, that he concedes he cannot sue the DOC, that he already states a valid § 1983 claim against John Doe #1, and that nothing in his complaint suggests he could show the type of policy or deliberate indifference necessary to state a valid claim against New York City, it was reasonable for the district court to conclude that a second leave to amend would be futile. We therefore affirm the district court's implicit denial of leave to amend the complaint.

4

We hereby **VACATE** in part the judgment of the district court, **REVERSE** the dismissal of the complaint as to John Doe #1, **AFFIRM** the dismissal of the complaint as to the City of New York and the New York City Department of Corrections, **AFFIRM** the denial of leave to amend the complaint, and **REMAND** the case to the district court for proceedings consistent with this order.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK