■ EVENS ELIE et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [938 NYS2d 595]—

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). A municipality may not be held liable pursuant to 42 USC § 1983 solely on a theory of respondeat superior (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 691 [1978]). "For a cause of action pursuant to 42 USC § 1983 to lie against a municipality, the action that is alleged to be unconstitutional must implement[ ] or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or have occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law" (*Ellison v City of New Rochelle*, 62 AD3d 830, 832-833 [2009] [internal quotation marks omitted]). " '[A] municipality can be found liable under 42 USC § 1983 for deprivation of constitutional rights only where the municipality itself causes the constitutional violation at issue' " (*id.* at 833, quoting *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 293 [2003]). Here, the allegations in the complaint sufficiently allege that the City of New York maintained a policy or custom that caused the plaintiff Evens Elie to be subjected to a denial of a constitutional right (*see Monell v New York City Dept. of Social*

*Servs.*, 436 US at 694; *Jackson v Police Dept. of City of N.Y.*, 192 AD2d 641 [1993], *cert denied* 511 US 1004 [1994]; *see generally Pendleton v City of New York*, 44 AD3d 733, 737 [2007]). Accordingly, the complaint states a cause of action to recover damages for civil rights violations and the Supreme Court properly denied that branch of the motion which was to dismiss that cause of action pursuant to CPLR 3211 (a) (7) insofar as asserted against the City of New York.

However, the Supreme Court improvidently exercised its discretion in denying that branch of the motion of the defendants City of New York, Anthony Cheatham, Thomas Fitzgerald, and Darrell Grant (hereinafter collectively the appellants), which was to bifurcate and stay discovery and trial on the sixth cause of action pending resolution of the other claims. Considerations of prejudice and judicial economy warrant granting that relief (*see Landsman v Village of Hancock*, 296 AD2d 728, 731 [2002]; *Daniels v Loizzo*, 178 FRD 46, 48 [1998]; *Ricciuti v New York City Tr. Auth.*, 796 F Supp 84, 85-86 [1992]).

Finally, the Supreme Court improvidently exercised its discretion in denying that branch of the appellants' motion which was to compel the plaintiffs to answer certain questions at their depositions relevant to Elie Evens' prior interactions with law enforcement officials. The appellants demonstrated that the questions were "material and necessary" to their defense of the case (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968] [internal quotation marks omitted]). The plaintiffs' contention that the information would be inadmissible at trial was not a legitimate basis for objecting (*see Watson v State of New York*, 53 AD2d 798, 799 [1976]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.