In an action, inter alia, to recover damages for personal *740 injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated October 28, 2011, which denied his motion, denominated as one to vacate an order of the same court dated August 19, 2011, which, inter alia, granted that branch of the defendant’s motion which was pursuant to CPLR 3124 to compel certain disclosure, and conditionally dismissed the complaint unless the plaintiff provided the disclosure specified in the order dated August 19, 2011, within 45 days.
Ordered that the order is affirmed, with costs.
In an order dated August 19, 2011, the Supreme Court, inter alia, granted that branch of the defendant’s motion which was pursuant to CPLR 3124 to compel certain disclosure, and directed the plaintiff to provide the subject disclosure within 30 days. The plaintiff subsequently moved to “vacate” the order dated August 19, 2011, contending that the disclosure he had been directed to provide was “sensitive information,” which was irrelevant and unnecessary to the defense of the action. By order dated October 14, 2011, the Supreme Court denied the plaintiff’s motion, and conditionally dismissed the complaint unless the plaintiff provided the disclosure specified in the order dated August 19, 2011, within 45 days of its new order.
CPLR 3101 (a) broadly mandates “full disclosure of all matter material and necessary in the prosecution or defense of an action,” and this provision is liberally interpreted in favor of disclosure (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566 [2012]). Contrary to the plaintiffs contention, the information he was directed to provide by the order dated August 19, 2011, which he had previously refused to disclose in response to questioning at his deposition, was material and relevant to the defense of this action (see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406; Elie v City of New York, 92 AD3d 716, 718 [2012]; cf. Holness v Chrysler Corp., 220 AD2d 721, 722 [1995]).
Furthermore, under the circumstances of this case, the Supreme Court providently exercised its discretion in conditionally dismissing the complaint unless the plaintiff provided the disclosure specified in the order dated August 19, 2011, within 45 days of the order dated October 14, 2011 (see Roug Kang Wang v Chien-Tsang Lin, 94 AD3d 850, 851-852 [2012]; Workman v Town of Southampton, 69 AD3d 619, 620 [2010]).
The plaintiffs remaining contentions are without merit. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.