■ Jose Vargas, Respondent, v City of New York et al., Appellants. [963 NYS2d 278]—

In an action, inter alia, to recover damages for personal injuries and for civil rights violations pursuant to 42 USC § 1983, the defendants appeal (1) from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), dated January 28, 2011, which, in effect, upon the denial of those branches of the motion of the defendant City of New York which were to dismiss so much of the complaint as alleged negligence and civil rights violations pursuant to 42 USC § 1983, and upon a jury

verdict, is in favor of the plaintiff and against them in the principal sum of $17,619,725.73, (2), as limited by their brief, from so much of an order of the same court dated May 11, 2011, as denied their motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, and (3) from an order of the same court dated May 13, 2011, which granted the plaintiff's motion for an attorney's fee pursuant to 42 USC § 1988.

Ordered that the judgment is reversed, on the law, those branches of the motion of the defendant City of New York which were to dismiss so much of the complaint as alleged negligence and civil rights violations pursuant to 42 USC § 1983 are granted, and those portions of the complaint are dismissed; and it is further,

Ordered that the appeal from the order dated May 11, 2011, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that the order dated May 13, 2011, is reversed, on the law, and the plaintiff's motion for an attorney's fee pursuant to 42 USC § 1988 is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On November 30, 2006, the plaintiff filed a notice of claim with the City of New York alleging, inter alia, that he was "falsely arrested, falsely imprisoned, abused, assaulted, battered, caused to sustain serious personal injuries and deprived of his Civil Rights." In addition, the notice of claim alleged damages for "[p]ersonal injuries and [l]oss of Civil Rights incidental to assault and battery, and false arrest and imprisonment, humiliation and embarrassment." The plaintiff subsequently commenced this action against the City and "P.O. 'John Doe,' " seeking, among other things, to recover damages for negligence and for civil rights violations pursuant to 42 USC § 1983. The complaint contained an allegation that the defendants had "deprived [the plaintiff] of necessary medical treatment."

Prior to trial, the City moved, inter alia, to dismiss so much of the complaint as alleged negligence and civil rights violations pursuant to 42 USC § 1983 on the grounds that the plaintiff's allegation that he was deprived of necessary medical treatment was not set forth in the notice of claim or bill of particulars, and that, pursuant to CPLR 3211 (a) (7), the complaint failed to state a cause of action under 42 USC § 1983. The Supreme Court denied those branches of the City's motion. The plaintiff proceeded to trial on the theory that the City had deprived him

of medical care by denying him insulin for his diabetic condition when he was in police custody. Prior to summations, the court granted that branch of the plaintiff's motion which was to amend the caption so as to replace "John Doe" with certain individual defendants named in their official capacities. Following trial; a judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $17,619,725.73, including an award of punitive damages in the total sum of $3,000,000, which the jury awarded against the individual police officer defendants.

"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (*Brown v City of New York*, 95 NY2d 389, 392 [2000]; *see* General Municipal Law § 50-e). The General Municipal Law requires that the notice set forth, among other things, "the nature of the claim," and "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; *see Brown v City of New York*, 95 NY2d at 393; *Palmer v Society for Seamen's Children*, 88 AD3d 970, 971 [2011]). "The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (*Palmer v Society for Seamen's Children*, 88 AD3d at 971; *see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Ingle v New York City Tr. Auth.*, 7 AD3d 574, 575 [2004]). Here, the notice of claim failed to set forth any allegations of negligence on the part of the defendants regarding the deprivation of medical treatment to the plaintiff when he was in police custody. Therefore, the Supreme Court should have directed dismissal of so much of the complaint as alleged negligence, due to the plaintiff's failure to file a proper notice of claim (*see* General Municipal Law § 50-e [2]; *Garcia v O'Keefe*, 34 AD3d 334, 335 [2006]; *Bryant v City of New York*, 188 AD2d 445, 446 [1992]; *Demorcy v City of New York*, 137 AD2d 650, 650-651 [1988]).

The defendants correctly argue that the plaintiff may not replead so much of the complaint as alleged negligence, since the allegations of negligence were not set forth in the notice of claim (*see Matter of Village of Pelham v City of Mount Vernon*, 302 AD2d 397, 399 [2003]).

Although a notice of claim is not a condition precedent to maintaining a cause of action pursuant to 42 USC § 1983 (*see Meyer v County of Suffolk*, 90 AD3d 720, 722 [2011]), the Supreme Court also should have directed dismissal of so much

of the complaint as alleged civil rights violations pursuant to that statute for failure to state a cause of action pursuant to CPLR 3211 (a) (7). In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]). To hold a municipality liable under section 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Dwares v City of New York*, 985 F2d 94, 100 [1993]). Similarly, where claims are asserted against individual municipal employees in their official capacities, there must be proof of a municipal custom or policy in order to permit recovery, since such claims are tantamount to claims against the municipality itself (*see Hafer v Melo*, 502 US 21, 25 [1991]; *Anthony v City of New York*, 339 F3d 129, 138-139 [2003]; *Dwares v City of New York*, 985 F2d at 100; *Rosen & Bardunias v County of Westchester*, 228 AD2d 487, 487-488 [1996]). Here, the complaint failed to allege any facts from which it could be reasonably inferred that the defendants had a policy or custom of depriving medical treatment to persons in police custody (*see Monell v New York City Dept. of Social Servs.*, 436 US at 694; *Bennett v City of New York*, 425 Fed Appx 79, 81 [2d Cir 2011]; *Cozzani v County of Suffolk*, 84 AD3d 1147 [2011]; *R.A.C. Group v Board of Educ. of City of N.Y.*, 295 AD2d 489, 490 [2002]; *Rosen & Bardunias v County of Westchester*, 228 AD2d at 487-488; *Willinger v Town of Greenburgh*, 169 AD2d 715, 716 [1991]).

Accordingly, the Supreme Court should have granted those branches of the City's motion which were to dismiss so much of the complaint as alleged negligence and civil rights violations pursuant to 42 USC § 1983.

The plaintiff is not entitled to an attorney's fee pursuant to 42 USC § 1988, since, in view of our disposition of the appeal from the judgment, he is not a prevailing party (*see Matter of Miller v DeBuono*, 235 AD2d 480, 481 [1997]).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.