■ MARIA DE LOURDES TORRES, Appellant, v POLICE OFFICER JONES et al., Defendants, and CITY OF NEW YORK, Respondent. (Action No. 1.) MARIA DE LOURDES TORRES, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents, et al., Defendants. (Action No. 2.) [992 NYS2d 39]—

In two related actions, inter alia, to recover damages for violation of civil and constitutional rights pursuant to 42 USC § 1983, false arrest, and malicious prosecution, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered August 10, 2012, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint in action No. 1 insofar as asserted against it, (2), as limited by her brief, from so much of an order of the same court entered August 9, 2012,

as granted the motion of the defendants New York City Police Department, Irma Santiago, Denitor Guerra, and Erik Hendriks for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them, and (3) from a judgment of the same court entered November 30, 2012, which, upon the order entered August 9, 2012, is in favor of the defendants New York City Police Department, Irma Santiago, Denitor Guerra, and Erik Hendriks and against her dismissing the complaint in action No. 2 insofar as asserted against them.

Ordered that the appeal from the order entered August 9, 2012, is dismissed; and it is further,

Ordered that the order entered August 10, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order entered August 9, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in action No. 2 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced action No. 1 against, among others, the City of New York and police detectives Irma Santiago, Denitor Guerra, and Erik Hendriks, asserting a cause of action pursuant to 42 USC § 1983 to recover damages for violations of her civil and constitutional rights under color of state law. She also asserted a cause of action to recover damages for false arrest and false imprisonment against those defendants, and a cause of action to recover damages against the City for negligent training and supervision of its police officers. The plaintiff thereafter commenced action No. 2 against, among others, the New York City Police Department (hereinafter the NYPD), Santiago, Guerra, and Hendriks, asserting causes of action against them pursuant to 42 USC § 1981 to recover damages for the impairment of her right to the equal benefit of laws enacted for the security of persons and property, pursuant to 42 USC § 1983 to recover damages for violation of her rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and to recover damages for malicious prosecution, abuse of process, false arrest, and false imprisonment.

The City moved for summary judgment dismissing the complaint insofar as asserted against it in action No. 1. The City, on behalf of the NYDP, moved, together with Santiago,

Guerra, and Hendriks (hereinafter collectively the movants), for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them. The Supreme Court granted the motions.

The movants made a prima facie showing of entitlement to judgment as a matter of law dismissing the causes of action to recover damages for false arrest and false imprisonment insofar as asserted against them in both action No. 1 and action No. 2 by establishing that there was probable cause for the plaintiff's arrest (see *MacDonald v Town of Greenburgh*, 112 AD3d 586 [2013]). The plaintiff failed to raise a triable issue of fact in opposition to that showing (see *Chetrick v Cohen*, 52 AD3d 449, 450 [2008]).

Moreover, a grand jury's indictment of the plaintiff subsequent to her arrest gave rise to a presumption of probable cause to prosecute the plaintiff, which established the movants' prima facie entitlement to judgment as a matter of law dismissing the malicious prosecution cause of action insofar as asserted against them in action No. 2 (see *Rodgers v City of New York*, 106 AD3d 1068, 1070 [2013]). The plaintiff failed to overcome that presumption with a showing that "the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures, or, alternatively, by presenting evidence of fraud, perjury or suppression of evidence by the police" (*Harris v State of New York*, 302 AD2d 716, 717 [2003] [internal quotation marks and citations omitted]). Furthermore, the plaintiff also failed to raise a triable issue of fact in opposition to the movants' prima facie showing that her arrest and prosecution were not motivated by actual malice, defined, in the context of actions to recover damages for malicious prosecution, as "a wrong or improper motive, something other than a desire to see the ends of justice served" (*Nardelli v Stamberg*, 44 NY2d 500, 503 [1978]).

The causes of action asserted pursuant to 42 USC § 1983 against the individual movants to recover damages for violation of the plaintiff's civil and constitutional rights are premised primarily on the plaintiff's contention that she was subject to an unreasonable seizure of her person because the seizure was effected in the absence of probable cause. Like the state common-law causes of action to recover damages for false arrest and malicious prosecution, those causes of action are subject to dismissal based on the determination that the arrest and prosecution of the plaintiff were supported by probable cause (see *Rodgers v City of New York*, 106 AD3d at 1071). As an additional

ground for dismissal of the cause of action in action No. 1 alleging the violation of the plaintiff's civil and constitutional rights pursuant to 42 USC § 1983 insofar as asserted against the City, and the cause of action in action No. 2 alleging "municipal liability" against the NYPD, the City and the NYPD established their prima facie entitlement to judgment as a matter of law by demonstrating that the criminal charges brought against the plaintiff did not arise from the implementation or application of an unlawful or unconstitutional municipal policy, regulation, custom, or practice (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Pendleton v City of New York*, 44 AD3d 733, 736 [2007]). Apart from the conclusory assertions of her expert, the plaintiff offered no evidence of the existence of any policy or custom, or a determination by a policy-making official that resulted in a violation of her rights and, therefore, she did not raise a triable issue of fact (*see Brogdon v City of New Rochelle*, 200 F Supp 2d 411, 427 [SD NY 2002]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted the motions for summary judgment dismissing the complaints in action Nos. 1 and 2 insofar as asserted against the movants. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.