■ TYRONE BLAKE et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [51 NYS3d 540]—

In a consolidated action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered April 25, 2014, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action of the plaintiff Dwayne Johnson and the plaintiffs' ninth, tenth, and eleventh causes of action in their entirety, denied, as premature, those branches of their motion which were for summary judgment dismissing the plaintiffs' second, third, fourth, ninth, tenth, and eleventh causes of action in their entirety, and granted that branch of the plaintiffs' cross motion which was to compel them to comply with certain discovery demands, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action of the plaintiff Tyrone Blake insofar as asserted against the defendants Sgt. James Hanrahan, Sgt. Sean O'Hara, and Lt. Mic Miltenberg, and the fourth cause of action of the plaintiff Tyrone Blake.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' fourth causes of action and the plaintiffs' ninth and tenth causes of action insofar as asserted against the defendants Richard A. Brown and Brian F. Allen on the ground of absolute immunity, and substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action of the plaintiff Tyrone Blake, and substituting therefor a provision denying that branch of the motion as academic, and (3) by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action of the plaintiff Tyrone Blake insofar as asserted against the defendants Sgt. James Hanrahan, Sgt. Sean O'Hara, and Lt. Mic Miltenberg, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs, Tyrone Blake and Dwayne Johnson, were arrested and indicted for their alleged role in a shooting incident that took place on October 6, 2008, in Queens County. Although

the complainant initially told the police that he could not identify the perpetrators because they wore face masks that only revealed their eyes, he later identified the plaintiffs as his assailants in two separate photographic arrays shown to him by the police. The defendant Det. John Roberts created the photographic arrays based upon information given to him by a suspect arrested in connection with a different incident. This informant later denied ever making a statement to the police regarding the plaintiffs' involvement in the shooting. The plaintiffs were incarcerated for approximately 16 months while the charges were pending. The charges were ultimately dismissed because the complainant refused to testify at their trial.

The plaintiffs each commenced a separate action against the same defendants—the City of New York, five individual police officers, and Queens County District Attorney Richard A. Brown and Assistant District Attorney Brian F. Allen (hereinafter together the District Attorney defendants)—asserting the same 12 causes of action to recover damages for, inter alia, false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983. The two actions were subsequently consolidated. Thereafter, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaints or, in the alternative, for summary judgment dismissing the complaints, and the plaintiffs cross-moved, inter alia, to compel the defendants to comply with certain discovery demands. In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendants' motion which were to dismiss Blake's causes of action alleging common-law false arrest and malicious prosecution insofar as asserted against the defendants Sgt. James Hanrahan, Sgt. Sean O'Hara, and Lt. Mic Miltenberg, and Blake's cause of action alleging common-law malicious prosecution against the District Attorney defendants, for failure to name these defendants in his notice of claim. The court denied those branches of the defendants' motion which were to dismiss the plaintiffs' remaining causes of action alleging malicious prosecution against the District Attorney defendants on the ground of absolute immunity. The court also denied those branches of the defendants' motion which were to dismiss or, alternatively, for summary judgment dismissing the plaintiffs' remaining causes of action alleging common-law false arrest and malicious prosecution and their causes of action alleging violations of 42 USC § 1983 predicated on false arrest and malicious prosecution, and it granted that branch of the plaintiffs' cross motion which was to compel the defendants to comply with certain discovery demands (see *Blake v City of*

*New York*, 43 Misc 3d 1212[A], 2014 NY Slip Op 50583[U] [Sup Ct, Queens County 2014]).

When dismissal is sought pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). A municipality may not be held liable pursuant to 42 USC § 1983 solely on a theory of respondent superior (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 691 [1978]). "To hold a municipality liable under section 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy" (*Vargas v City of New York*, 105 AD3d 834, 837 [2013], citing *Monell v New York City Dept. of Social Servs.*, 436 US at 694; *see Elie v City of New York*, 92 AD3d 716, 717 [2012]).

Here, despite the defendants' contentions to the contrary, the allegations in the complaints sufficiently allege that the City maintained a policy or custom that caused the plaintiffs to be subjected to a denial of their constitutional rights (*see Monell v New York City Dept. of Social Servs.*, 436 US at 694; *Vargas v City of New York*, 105 AD3d at 836; *Elie v City of New York*, 92 AD3d at 717; *Jackson v Police Dept. of City of N.Y.*, 192 AD2d 641 [1993]; *see generally Pendleton v City of New York*, 44 AD3d 733, 737 [2007]). Accordingly, the complaints state a cause of action against the City to recover damages for a violation of 42 USC § 1983, and the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss those causes of action.

"[A] prosecutor is entitled to absolute immunity for actions taken within the scope of his or her official duties in initiating and pursuing a criminal prosecution and in presenting the People's case," but a prosecutor is entitled only to qualified immunity when acting in an investigatory capacity (*Spinner v County of Nassau*, 103 AD3d 875, 877 [2013]; *see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 285 [2003]). Here, the complaints allege activities in processing criminal charges after the plaintiffs' arrest by police based upon evidence assembled by police. Therefore, the District Attorney defendants are entitled to absolute immunity (*see Dann v Auburn Police Dept.*, 138 AD3d 1468, 1469 [2016]). Accordingly,

the Supreme Court should have awarded the defendants summary judgment dismissing the plaintiffs' fourth causes of action, alleging common-law malicious prosecution against the District Attorney defendants, and the plaintiffs' ninth and tenth causes of action, alleging civil rights violations pursuant to 42 USC § 1983, insofar as asserted against the District Attorney defendants, on the basis of absolute immunity (*see Spinner v County of Nassau*, 103 AD3d at 877; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 285). Inasmuch as the court should have awarded summary judgment dismissing Blake's fourth cause of action on the ground of absolute immunity, that branch of the defendants' motion which was to dismiss that cause of action pursuant to CPLR 3211 (a) (7) was rendered academic.

Blake's failure to name Hanrahan, O'Hara, and Miltenberg in his notice of claim did not warrant dismissal of his ninth and tenth causes of action, alleging civil rights violations pursuant to 42 USC § 1983, insofar as asserted against them, since a notice of claim is not a condition precedent to maintaining a cause of action pursuant to 42 USC § 1983 (*see Vargas v City of New York*, 105 AD3d at 836). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss Blake's ninth and tenth causes of action insofar as asserted against those individual defendants.

Furthermore, Blake's failure to name Hanrahan, O'Hara, and Miltenberg in his notice of claim did not warrant dismissal of his second and third causes of action, alleging common-law false arrest and malicious prosecution, respectively, insofar as asserted against those individuals.

We recognize that there is a split in appellate authority on the issue of whether a plaintiff is required to name individual municipal employees in a notice of claim in order to maintain a subsequent action against those employees. The Appellate Division, First Department, has held that "General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim" (*Tannenbaum v City of New York*, 30 AD3d 357, 358 [2006], citing *White v Averill Park Cent. School Dist.*, 195 Misc 2d 409, 411 [Sup Ct, Rensselaer County 2003]). In *Alvarez v City of New York* (134 AD3d 599 [2015]), the First Department explained in a plurality opinion that its rationale for so holding is that a notice of claim which does not put the municipality on notice that it will seek to impose liability upon specific employees in their individual capacities is insufficient to allow the municipality to make a timely investigation into and assessment of the merits of the

claim against those employees. The plurality opinion in that case stated that the names of individual employees, if unknown, should still be named as John or Jane Does to enable the municipality to properly investigate the claims and to put individual defendants on notice that they will be sued. However, the purpose of the notice of claim requirement is to notify the municipality, not the individual defendants (*see Zwecker v Clinch*, 279 AD2d 572, 573 [2001]).

In contrast, the Appellate Division, Fourth Department, has held that naming individual municipal employees in a notice of claim is not a condition precedent to joining those individuals as defendants in the action (*see Goodwin v Pretorius*, 105 AD3d 207 [2013]). In *Goodwin*, the Fourth Department noted that General Municipal Law § 50-e (2), which sets forth the requirements for a notice of claim, does not include a requirement that specific individual employees be named, and concluded that "[t]he underlying purpose of the statute may be served without requiring a plaintiff to name the individual agents, officers or employees in the notice of claim" (*id.* at 216). In *Pierce v Hickey* (129 AD3d 1287, 1289 [2015]), the Appellate Division, Third Department, followed *Goodwin*, stating that there was no requirement that "an individual municipal employee be named in the notice of claim."

We agree with the Third and Fourth Departments. General Municipal Law § 50-e (2) requires that "[t]he notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable." Listing the names of the individuals who allegedly committed the wrongdoing is not required (*see Scott v City of New Rochelle*, 44 Misc 3d 366, 377-378 [Sup Ct, Westchester County 2014]). Accordingly, the Supreme Court should not have granted dismissal of Blake's second and third causes of action, alleging common-law false arrest and malicious prosecution, respectively, insofar as asserted against Hanrahan, O'Hara, and Miltenberg for failure to name these defendants in his notice of claim.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' second causes of action, alleging common-law false arrest, and so much of their ninth and tenth causes of action, alleging civil rights violations pursuant to 42 USC § 1983, as is predicated on allegations of false arrest, based upon the complainant's

identification of the plaintiffs as his assailants (*see Combs v City of New York*, 130 AD3d 862, 863 [2015]; *MacDonald v Town of Greenburgh*, 112 AD3d 586, 586 [2013]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2011]). Similarly, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' third causes of action, alleging common-law malicious prosecution, and so much of their ninth and tenth causes of action as is predicated on allegations of malicious prosecution, since the grand jury's indictment of the plaintiffs established a presumption of probable cause that the plaintiffs committed a crime (*see Colon v City of New York*, 60 NY2d 78, 82-84 [1983]; *De Lourdes Torres v Jones*, 120 AD3d 572, 574 [2014], *mod* 26 NY3d 742 [2016]). To overcome that presumption, the plaintiffs were required to provide evidence proving either "that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures" (*De Lourdes Torres v Jones*, 120 AD3d at 574 [internal quotation marks omitted]), or "that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (*Colon v City of New York*, 60 NY2d at 83; *see De Lourdes Torres v Jones*, 120 AD3d at 574; *O'Donnell v County of Nassau*, 7 AD3d 590, 591 [2004]).

In opposition to the defendants' prima facie showing, the plaintiffs contended that the reliability of the identifications and the reasonableness of the reliance by the police on them was called into question by the complainant's initial statements that he could not identify the perpetrators, and they could not rebut the presumption of probable cause because they have been unable to depose any of the defendants. Pursuant to CPLR 3212 (f), "where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied. This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 792-793 [1988] [citation omitted]). Here, the plaintiffs showed that they have not yet had an adequate opportunity to complete discovery relevant to their remaining causes of action alleging malicious prosecution and false arrest. Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' remaining malicious prosecution and false arrest causes of action as premature. Further, the defendants' argument that summary judgment

should have been granted dismissing the plaintiffs' remaining causes of action alleging violations of 42 USC § 1983 based upon the doctrine of qualified immunity is without merit, since summary judgment on that issue is also premature.

The defendants' remaining contentions are without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.